United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Brittany Hanfield, Petitioner | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 22-61092-Scola |
| | ) |
| Sec'y, Fla. Dep't of Corr., Respondent. | ) |

## Order

Before the Court is Petitioner Brittany Hanfield's petition under 28 U.S.C. § 2254 (ECF No. 1). Petitioner challenges the constitutionality of her state convictions and sentences in the Circuit Court of the Seventeenth Judicial Circuit of Florida in and for Broward County in three cases involving charges of armed robbery, carjacking, and aggravated battery with a deadly weapon. (*See generally id.*).

Respondent filed a Response (ECF No. 13) with an Appendix (ECF Nos. 13-1–13-2) and a Notice of Filing Transcripts (ECF No. 14) containing the change of plea hearing transcript (ECF No. 14-1) and sentencing hearing transcript (ECF No. 14-2). Petitioner did not file a reply and the time to do so has passed. The Court has carefully considered the parties' written submissions, the record, and applicable law. For the following reasons, the petition is dismissed as untimely.

**1. Background**

On August 20, 2008, Petitioner pleaded no contest to burglary with a battery, aggravated battery upon an elderly person, and attempted armed robbery in case number 07018296CF10A. (*See* ECF No. 14-1 at 27:13–18).[1] She also pleaded no contest to robbery with a deadly weapon in case number 07017346CF10A and carjacking, robbery with a deadly weapon, and aggravated battery with a deadly weapon in case number 07018298CF10A. (*See id.* at 27:20–25, 28:1–3). On September 26, 2008, Petitioner was sentenced to a total term of

---

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

twenty-five years in prison, followed by two years of community control, followed by eight years of probation. (*See* ECF No. 14-2 at 41:15–25, 42:1–25, 43:1–25).

Petitioner appealed and on July 28, 2010, the Fourth District affirmed in part; reversed in part, and remanded. *See Hanfield v. State*, 40 So. 3d 905, 908 (Fla. 4th DCA 2010) (holding that Hanfield's convictions for both armed carjacking and robbery with a deadly weapon involving essentially the same property violated double jeopardy). On October 1, 2010, the trial court entered orders vacating the sentence and judgment for armed robbery in case number 07018298CF10A. (*See* ECF No. 13-2 at 66–69).

On October 10, 2010, Petitioner filed a motion to mitigate her sentence. (*See id.* at 71–75). The trial court denied the motion on October 22, 2010. (*See id.* at 77). Petitioner did not appeal from the ruling.

On July 31, 2012, Petitioner filed a motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850. (*See id.* at 79–84). The trial court denied the motion on June 4, 2015. (*See id.* at 114–17). Petitioner appealed, but on January 7, 2016, the Fourth District dismissed the appeal as untimely filed. (*See id.* at 138).

The instant petition was filed on June 3, 2022. (*See* ECF No. 1 at 2).[2]

**2. Discussion**

**A. The Petition is Untimely**

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a § 2254 petition must be filed within one year of certain trigger dates. *See* 28 U.S.C. § 2244(d)(1). Here, the applicable trigger date is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* at (d)(1)(A). However, the limitations period is tolled while a "properly filed application for State post-conviction or other collateral review" is pending. *Id.* at (d)(2).

---

[2] "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) (citations omitted).

As stated, Petitioner's sentence for robbery with a deadly weapon in case number 07018298CF10A was vacated and dismissed on October 1, 2010. (*See* ECF No. 13-2 at 66–69). Because she did not appeal from the trial court's order on remand, her convictions and sentences became final thirty days later—on October 31, 2010. *See* Fla. R. App. P. 9.140(b)(3); *Hampton v. State*, 837 So. 2d 611, (Fla. 5th DCA 2003) (holding that when a defendant does not appeal his conviction and sentence, they become final thirty days after they were rendered).

From there, the AEDPA statute of limitations continued untolled until Petitioner filed her Rule 3.850 motion on July 31, 2012. (*See* ECF No. 13-2 at 79–84). In total, 639 days passed untolled from October 31, 2010 to July 31, 2012. The petition is therefore untimely.[3]

### B. Equitable Tolling is Not Warranted

"Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition." *Helton v. Sec'y for Dep't of Corr.*, 259 F.3d 1310, 1312 (11th Cir. 2001). The U.S. Supreme Court set forth a two-prong test for equitable tolling, stating that a petitioner must demonstrate "1) that he has been pursuing his rights diligently, and 2) that some extraordinary circumstances stood in his way and prevented timely filing." *Holland v Florida*, 560 U. S. 631, 649 (2010).

Petitioner provides no explanation for the untimely filing. (*See generally* ECF No. 1). Instead, she asserts she is "actually innocent and review is necessary to correct a miscarriage of justice." (*Id*. at 14). She proceeds to assert various legal arguments—including that an error was made on her Florida sentencing scoresheet and that her counsel misadvised her to enter a plea to an illegal sentence that violated double jeopardy. (*See id*. at 14–15).

"[A]ctual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (citation omitted). Petitioner

---

[3] Because the Petition is already 275 days past the one-year AEDPA deadline, the Court will stop tallying untolled time; however, Respondent asserts that a total of "more than 1399 days of untolled time elapsed before the Petition was filed." (ECF No. 13 at 8).

fails to provide any facts suggesting that she did not commit the crimes in the three state cases. She therefore fails to meet the burden for "actual innocence." *Id.* And because she provides no showing of "extraordinary circumstances" preventing her from timely filing the petition, equitable tolling is not warranted. *Helton*, 259 F.3d at 1312.

### C. Certificate of Appealability

A prisoner seeking to appeal a district court's final order denying his petition for a writ of habeas corpus has no absolute entitlement to appeal and must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability shall issue only if the petitioner makes "a substantial showing of the denial of a constitutional right." *Id.* at (c)(2). Where a district court rejects a petitioner's constitutional claims on procedural grounds—as here—the petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). The Court concludes that reasonable jurists would not find it debatable that the petition is barred by the statute of limitations. Thus, a certificate of appealability is denied.

### 3. Conclusion

For the foregoing reasons, Petitioner Brittany Hanfield's petition for writ of habeas corpus under 28 U.S.C. § 2254 **(ECF No. 1)** is **dismissed** as untimely. A certificate of appealability is **denied**. Because there are no issues with arguable merit, an appeal would not be taken in good faith, and thus, Petitioner is not entitled to appeal *in forma pauperis*. The Clerk is directed to **close** this case.

**Done and ordered**, in chambers, in Miami, Florida, on March 22, 2023.

Robert N. Scola, Jr.
United States District Judge

*Copies, via U.S. Mail, to*
Brittany Hanfield
L78191
Lowell Correctional Institution
Inmate Mail/Parcels
11120 NW Gainesville Road
Ocala, FL 34482
PRO SE